EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
JUAN RIVERA BELÉN, acusado y apelante.

Núm. 8202.—*Sometido:* Julio 8, 1940. *Resuelto:* Julio 10, 1940.

*Dávila & Novas,* abogados del apelante; *R. A. Gómez,* Fiscal,
abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El acusado apelante y los individuos Carmelo González
Muñoz y Cristóbal Vázquez Reyes fueron denunciados por un
delito de infracción de las secciones 4 y 77 de la "Ley de
Espíritus y Bebidas Alcohólicas" (núm. 6 de junio 30 de
1936), consistente, según se alega en la denuncia, en que
"ilegal, voluntaria y maliciosamente y con la intención criminal de defraudar al Tesoro de Puerto Rico, sin estar para
ello autorizado por la ley, transportaban dentro del automóvil .... propiedad de Felipe Napoleón, de Bayamón, que
manejaba el acusado Juan Rivera Belén (*a*) B. 8, *chauffeur*
Núm. 60,076, cuatro envases de lata y dos calabazos o tres
de cristal, conteniendo como 112 litros de ron de caña, sin
que ninguno de dichos acusados (*sic*) llevara una estampilla

significativa de haber satisfecho los correspondientes impues-
tos de Rentas Internas."

En el presente recurso se señala como único error de la
Corte de Distrito de Bayamón el haber declarado sin lugar
la excepción perentoria basada en la insuficiencia de los hechos
alegados en la denuncia para constituir un delito público.

■■ Los artículos 4 y 77 de la citada Ley núm. 6, que
se alega han sido infringidos por el acusado, leen como sigue:

"Artículo 4.—Se impondrá, cobrará y pagará por una sola vez
sobre los siguientes productos que se tengan en depósito o que
hayan sido o puedan ser en lo sucesivo destilados, rectificados, pro-
ducidos, fabricados, importados o introducidos en Puerto Rico, un
impuesto de rentas internas a los tipos siguientes: . . ."

"* 	* 	* 	* 	* 	* 	*

"Artículo 77.—Toda persona que tenga en su poder o a su dis-
posición en cualquier sitio, productos sujetos a impuesto por esta
Ley, sobre los cuales no se haya pagado el impuesto, con excepción
de aquellas personas debidamente autorizadas por esta Ley, será
culpable de un delito menos grave (*misdemeanor*), y el Tesorero de
Puerto Rico o sus agentes podrán embargar dichos productos o
venderlos en pública subasta para indemnizar a El Pueblo de
Puerto Rico las cantidades que le hubiere defraudado el infractor."

La primera contención del apelante es "que éste no es
un caso de infracción de las secciones 4 y 77 de la Ley de
Bebidas, sino más bien un caso de infracción a los artículos
18 y 76 del mismo estatuto." Los artículos que cita el ape-
lante fueron copiados, por inadvertencia, de la Ley núm. 115
de mayo 15, 1936 ((1) pág. 611), derogada por la Ley núm.
6 de junio 30 del mismo año, Leyes y Resoluciones de la Ter-
cera Legislatura Extraordinaria de 1936, pág. 45. Los artícu-
los correspondientes de la citada Ley núm. 6, leen así:

"Artículo 21.—Ninguna persona trasportará, poseerá, comprará,
venderá o traspasará espíritus destilados o bebidas alcohólicas, a
menos que el envase que los contiene lleve adherido una estampilla
significando que se han pagado los impuestos de rentas internas
fijados por esta Ley sobre dichos productos tributables, con excep-
ción de los espíritus destilados y bebidas alcohólicas que se tengan
en depósito, o en proceso de rectificación, mezcla o embotellamiento,

o que se estén usando en los procesos de fabricación; *Disponiéndose,* que el Tesorero a su discreción y por reglamentación, puede hacer excepciones específicas en aquellos casos donde se demuestre de un modo razonable que dichas excepciones no harán peligrar la debida recaudación de impuestos.''

''Artículo 85.—Toda persona que infrinja o deje de observar las disposiciones de esta Ley o del reglamento que por virtud de ella se promulgue; y toda persona que a sabiendas ayude, permita o de otro modo ayude a otra a infringir o dejar de observar cualquier disposición de esta Ley o del reglamento respecto a sus disposiciones, será culpable de delito menos grave (*misdemeanor*), cuando no se indique específicamente otra pena.''

No hubo error en la desestimación de la excepción perentoria. El artículo 4, supra, impone al poseedor de ron destilado, fabricado ·o importado en Puerto Rico la obligación de pagar impuestos de acuerdo con los tipos en dicho artículo fijados. El artículo 77, supra, declara reo de *misdemeanor* a cualquier persona ''que tenga en su poder o a su disposición en cualquier sitio, productos sujetos a impuesto por esta Ley, sobre los cuales no se haya pagado el impuesto.'' La alegación de que los tres acusados ''sin estar para ello autorizados por la ley, transportaban dentro del automóvil'' una cantidad de ron sobre la cual no se había pagado ·el impuesto, envuelve necesariamente la imputación de que los acusados tenían en su poder y a su disposición, dentro del automóvil, dicha cantidad de ron. No es posible transportar un objeto de un sitio a otro sin tener el objeto en su poder. La acusación· era suficiente para informar al acusado en cuanto a la naturaleza del delito que se le imputaba, y puede ser sostenida como una infracción del artículo 21 o del artículo 77 de la ley, supra, o de ambos.

La segunda contención del apelante carece de méritos. El apelante fué procesado como principal y no como cómplice. No era necesario que en la denuncia se alegara que el acusado actuaba ''a sabiendas.'' A él no se le acusó de estar ayudando a otra persona a violar la ley y sí de **haberla violado ilegal, voluntaria y maliciosamente.**

*Debe confirmarse la sentencia recurrida.*